**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| K. B., a minor, by and through her guardian ad litem, Natalina Kanteiko; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> HARTFORD CASUALTY INSURANCE COMPANY, a New Jersey corporation, <br><br> Defendant - Appellee. | No. 13-55511 <br><br> D.C. No. 3:11-cv-01389-BEN-WVG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted June 1, 2015
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LAMBERTH,[**] Senior District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Royce C. Lamberth, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

1.     The district court did not err by granting summary judgment to Hartford Casualty Insurance Company, finding that it had no duty to defend Kurt and Anne Redlinger under their Hartford business insurance policy, in a personal injury lawsuit between K.B. and the Redlingers wherein K.B. suffered severe injuries after nearly drowning in the Redlingers' pool at a birthday party at their home. Whether Hartford owed a duty to defend to the Redlingers "is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153, 1157 (Cal. 1993) (internal quotation marks omitted).  We also look at known "[f]acts extrinsic to the complaint" to determine whether "they reveal a possibility that the claim may be covered by the policy."  *Id.* (internal quotation marks omitted).

Here, neither the complaint nor the extrinsic facts revealed a possibility that the underlying claim could be covered by this business insurance policy.  Hartford insured the Redlinger's rental property business located in El Cajon.  None of the information provided to Hartford suggested that the Redlingers were conducting their rental business from their Cibola property (where the accident occurred).  To the contrary, all the information submitted to Hartford was directed instead at the Redlingers' personal liability or the liability of their Sun-Pro business.  Thus, the facts known to Hartford at the time of the tender did not trigger a duty to defend.

2

*See Gunderson v. Fire Ins. Exch.*, 44 Cal. Rptr. 2d 272, 277 (Ct. App. 1995) ("An insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date. This approach misconstrues the principle of 'potential liability' under an insurance policy.").

Hartford "made an informed decision on the basis of the third party complaint and the extrinsic facts *known* to it at the time of tender that there is no potential for coverage." *Id*. Thus, it did not "have a continuing duty to investigate whether there is a potential for coverage." *Id.*

2.      The district court did not err in finding Hartford had no duty to indemnify. "It is well settled that because the duty to defend is broader than the duty to indemnify, a determination that there is no duty to defend automatically means that there is no duty to indemnify." *Certain Underwriters at Lloyd's of London v. Superior Court*, 16 P.3d 94, 104 (Cal. 2001) (internal quotation marks and alteration omitted).

**AFFIRMED.**